Good morning. May it please the Court, Joseph Sigouen is the fourth petitioner this morning. This case, this particular case presents the issue of three motions to reopen. The first occurring in 1998, the second occurring in 2000, and the most recent occurring in 2003. And the issue is whether petitioner is time barred or numerically barred from filing the third motion to reopen. The third or fourth? I guess it would be the third, wouldn't it? Third motion, yes. Okay. Petitioner submits that she is not numerically or time barred for several reasons. The first reason is that the 98 and 2000 motions filed by former counsel should be construed as changed country conditions motions. And as such, as the Court is aware, that is an exemption or, if you will, an exception to the numerical bar. If the Court But is there any authority for that? Is this a new approach, a new interpretation you're recommending that we consider? My understanding, Your Honor, the applicable reg. I believe it's 1003, provides that if you're filing a motion to reopen based on changed country conditions, that there is no numerical bar. You are free, so to speak, to file as many motions as necessary. It's only the nonchanged country conditions motions in which you're held, generally, to a numerical and time bar. Well, doesn't the statute limit anyone to one motion to reopen? It does, Your Honor. Generally, it does, unless there are exceptional circumstances. But what are the exceptional circumstances here? If the Court assumes that the 98 and 2000 motions were not changed country condition motions, and they were made for other reasons, the exceptional reasons here would be ineffective assistance of par counsel in failing to inform or advise Petitioner of the consequences of filing a motion to reopen for whatever reason, and advising them of the numerical and time bars so that the Petitioner could make an informed choice whether or not to proceed with a particular motion to reopen. We submit Petitioner submits that that was not done, and she was prejudiced to, as a result of former counsel's inaction, so to speak. So this would be a theory of ineffective assistance of counsel, I guess, by analogy to the criminal arena, where a defendant has to be told that the time he is sentenced, that he has 10 days within which to file a notice of appeal, or his appellate remedies may be barred forever. That would be an appropriate analogy. Motions to reopen and the consequences of filing a motion to reopen, if they're not based on changed country conditions, are of significant import to Petitioner. What's your best authority for that? It troubles me to extend that doctrine by analogy to immigration law. I think it fair to say that understanding the immigration code and regulations may be akin to mastering the Internal Revenue Code and its implementing regulations. And so the question becomes, what standard do we apply to a competent immigration lawyer in the community? I mean, does he or she have to sit down and counsel the client on all of the intricacies of the rules and regulations that govern the administration of the immigration laws? Does he have to warn the alien, for example, that any future criminal conduct, such as the commission of an aggravated felony, or getting three misdemeanor DUI convictions that are then treated as a felony in California might render the alien subject to subsequent deportation? Does that then all become fair game for IAC claims? I would submit, Your Honor, that it's probably a case-by-case analysis, and it depends on the particular circumstances in each case. I would – Petitioner would submit that counsel at the minimum has a duty to generally advise if, for instance, as in this case, there are grounds for a motion to reopen, whether or not it's to change country conditions or some other reason, adjustment of status under a period. Kennedy. We've got a case that holds that a – that a subsequent – a second or third petition to – motion to reopen can be based on inadequate counsel. I mean, the – we've got all kinds of cases where we say that something is time-barred or number-barred, and we don't – I – have you got a case where there's an exception for stupid lawyers? I would – I would submit, Your Honor, that the matter of Lozada would probably cover that – that circumstance. If you do have ineffective assistance of counsel, that would, we submit, encompass. That then might present a discretionary reason why the immigration judge might take a look at it, but there's nothing that requires the immigration judge to – to grant a reopening. No. And we would submit that it is probably a matter of discretion, the sound discretion of the court, whether to grant a motion to reopen based on those grounds, and that's probably why Lozada was put into place. However – What does – does Lozada – I understood Lozada to – to dictate the procedure by which an alien must perfect her IAC claim. It doesn't address the grounds for ineffective assistance of counsel, does it? No, it doesn't. No, it does not, Your Honor. It doesn't specifically address that. However – Is that your best case in answer to Judge Goodwin's question? That's my best case. A case that supplies procedure but not substance. That's the concern I have with your answer. I believe that there – there are cases cited in Petitioner's briefs – Petitioner's brief, rather, that does address that, where Petitioner was prejudiced by the actions of a notario or someone who is not in the capacity of a lawyer and prejudices the – the Petitioner by their actions or inactions. That's the best citation that I can give you. But Lozada says that the obligation is on the Petitioner to make that showing of prejudice. Certainly. I think the question that we're asking you, and I have the same concern Judge Goodwin does, is what do we look to in order to – to adopt your theory that the failure to advise the Petitioner in this case of the number and time bars in the future constitutes ineffective assistance of counsel sufficient for us to declare that it was an abuse of discretion for the Board to refuse to reopen after the third petition? Assuming that there is no particular precedent that is applicable to that situation, I would invite the Court to – to make new precedent in analogizing … This is the case. This is the case. Yes. In analogizing to the criminal context. The consequences to a Petitioner in terms of having to leave the United States and possibly for 5, 10 or more years or a permanent bar based on the actions or inactions of counsel is of such import to the Petitioner or the client that it is analogous to a criminal situation where substantial liberty interests are at stake. And that's what we would analogize to in this particular case. Counsel, you're down to about under two minutes. You can reserve, if you wish, or … May I reserve? Of course. Thank you. Thank you. We'll hear from the government. Good morning, Your Honors. I'm James Wehmer from the Department of Justice, representing the Respondent in this matter, the Attorney General, Alberto Gonzalez. Your Honor, if there is ever a case in which illustrates why the Attorney General and subsequently later Congress decided to limit the use of motions to reopen, this is certainly the case. We have three motions reopened that have been filed in this case. And furthermore, this case, this alien is now on her third petition for review before this Court. The alien has been here unlawfully for over 14 or 15 years and has been here illegally since – nine years since the Board issued its final decision in this case. Your Honors, the government submits that the Board clearly acted within its discretion when it denied the third motion to reopen this case because it was numerically barred and time-barred under 8 CFR 1000.3. Clearly, Your Honor, Petitioner, the record established that in March of 1998, Petitioner filed her first motion to reopen. In July of 2000, filed the second, and subsequently in – on October of 2003, filed the third. Under 8 CFR 1000.3, the alien is only limited to one motion to reopen and must be filed within 90 days. Now, Petitioner alleges that this Court should ignore – in his brief, ignores the first – the second motion to reopen that was filed, alleging that it was done without her knowledge. However, we would submit that even if that was true, it still fails to explain, as the Board pointed out, the filing of the first motion to reopen, the motion filed in March of 1998, Your Honors. And also, clearly, this motion – this last motion to reopen has been filed way out of time since the Board issued its final decision and, furthermore, when this Court issued its second decision in this case. Your Honors, furthermore, the government would submit that this case does not involve or need the application of equitable tolling to the time and numerical bars of 8 CFR 10003 for the very simple reason that the Board did not consider the second motion to reopen that was filed in this case. And furthermore, the alien has clearly slept on her rights in this case, which is one of the requirements for being able to toll, to be granted equitable tolling. I mean, the alien was fully aware that the first motion was filed. The alien was fully aware that this Court issued the denial of the first motion to reopen and also denied her merits asylum application when the first time she appeared before this Court. We would further submit that the first motion to reopen was filed when she was still married to her then-husband and prior to the time that she was even separated. So the argument set forth in Petitioner's brief for reasons why this case might be equitably tolled failed for the following reasons I just set forth. Furthermore, Your Honor, the point that she claims that she may be eligible or that the Board may have erred in finding that she was not eligible for the battered spouse exception, the Court found that that did not apply in this case because of the fact that she never submitted an application, nor was she even eligible under the relief that she was seeking under the battered spouse. In summation, Your Honor, we would find that the Board has acted within its discretion in denying the motion to reopen on the reasons set forth. If there is any questions, I'd be glad to answer them. No questions. Thank you, counsel. Actually, I'm sorry. One small point, Your Honor. Petitioner had mentioned the fact that the filing of the motions to reopen may have stopped the clock on the amount of time that he could file because they were based on country conditions. We would submit that that's the first time the government's ever heard that argument, and that's not presented in the brief. Well, Mr. Siguenza says it's somewhere in 1003. Have you looked at 1003 and satisfied yourself it's not there? I'm sorry. Oh, yes. I mean, we would – without briefing the issue, we would argue that each time that the alien comes and files the motion to reopen, it's denied, then the clock goes back and the motions to reopen don't count. All right. But specifically with respect to Mr. Siguenza's argument, which he made here in open court, that this is within Section 1003, do you have a response to that? No, I don't, Your Honor. Okay. Thank you. All right. Mr. Siguenza, you have some reserve time. Just a couple of points briefly, Your Honor. If, in support of our argument that the 98 motion should be primarily construed as a country conditions-related motion, and if the Court further assumes that there is no number bar to filing those types of motions, the board itself made specific language reference in their decision, treating it as a country conditions-related motion. And I'm referring to the letter from the police department that Petitioner submitted in support of the motion and the board referencing explicit language in that letter with the inference that this was treated as a country conditions motion. If the Court does not deem the 1998 motion as country conditions-related and it's a number bar against Petitioner, Petitioner would argue that there was ineffective assistance in former counsel not advising Petitioner of the consequences of filing a motion. I thought that was your argument. I have to say, you surprised me with the change country conditions argument because I didn't see that in your briefs. I read the --I see it in the board's order, but I didn't see you make that argument in your briefs to us. You know, I apologize, Your Honor. I can't recall offhand where in the brief it might be. If we are concentrating only on the ineffective assistance of counsel issue, given that significant liberty interests are at stake, it's analogous to the criminal context, and it's not an unreasonable burden to place on counsel, immigration counsel, in sound practice, to routinely advise Petitioners of potential consequences of filing a motion to reopen, there's nothing overly complicated about the fact that we are referencing the regulation, the appropriate regulation, and phrasing it in layman's terms so that it can be made understood to the Petitioner. And we would submit that Petitioner is active with due diligence in filing the most recent motion to reopen, and we'll submit on that basis. Roberts. Thank you, counsel. The case just argued will be submitted for decision.
judges: Goodwin, O'scannlain, Tallman